## Beatty v. Harris, Appellants.

| 205 | 377 |
| e209 | 353 |
| 205 | 377 |
| f218 | 289 |

*Appeals—Equity practice—Exceptions—Assignments of error—Quashing appeal.*

Where no exceptions have been filed in the court of common pleas to a decree on a bill in equity, there is nothing on the record to support assignments of error, and an appeal from such a decree must be quashed.

Argued Feb. 16, 1903. Appeal, No. 193, Jan. T., 1902, by defendants, from decree of C. P. Schuylkill Co., July T., 1900, No. 5, on bill in equity in case of J. M. Beatty et al. v. J. M. Harris et al. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Appeal quashed.

Bill in equity for an account.
Motion to quash appeal.
From the record it appeared that MARR, J., filed an adjudication, and a decree based thereon. No exceptions were filed to the adjudication or the decree.

*Errors assigned* were different paragraphs of the decree, quoting them.

*C. E. Breckons* and *Robert Snodgrass*, with them *John F. Whalen*, for appellants.

*George M. Roads*, with him *E. D. Smith*, for appellees and motion to quash.

OPINION BY MR. JUSTICE FELL, April 20, 1903:

The motion to quash the appeal must be granted for the reason that no exceptions were filed in the common pleas to the decree entered, and there is nothing on the record to support the assignments of error. The rules of equity practice provide for the entering of a decree nisi, the filing of exceptions thereto by either party, the entering of a formal decree by the prothonotary, as of course, if no exceptions are filed; and if exceptions are filed, for the hearing of them on the argument list as upon a rule for a new trial. They expressly direct that the exceptions filed shall cover all objections to rulings on evidence, findings of fact or law, and to the decree of the court; the power is given the judge or the court in banc to sustain or dismiss exceptions, and to confirm, modify or change the decree entered. Rule 67 is as follows : " Upon appeal to the Supreme or Superior Court such matters only as have been so excepted to and finally passed upon by the court, shall be assignable for error." The object of these rules is to afford an opportunity for a careful review of the rulings made at the trial and of the findings of the court. The rules are mandatory, and their violation cannot be overlooked.

The appeal is quashed at the cost of the appellant.