## Swope, Appellant, v. Snyder.

*Appeals—Assignments of error—Exceptions—Equity—Practice.*

The Supreme Court will not consider on an appeal in an equity suit, assignments of error which relate to the admission or exclusion of testimony at the trial, and to the findings of fact and conclusions of law where the record shows that no exceptions were filed in the common pleas. Rule 67 of the Supreme Court relating to such assignments is mandatory and its violation cannot be overlooked.

Argued May 11, 1904. Appeal, No. 23, Jan. T., 1904, by

defendant, from decree of C. P. No. 3, Phila. Co., March T., 1900, No. 706, on bill in equity in case of James S. Swope v. Charles S. Snyder. Before FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity to declare a deed void, and for a reconveyance.

The court entered a decree in accordance with the prayer of the bill.

*Errors assigned* were (1–44) various rulings on evidence, findings of fact and conclusions of law, none of which assignments were based upon exceptions filed in the common pleas.

*J. Howard Morrison*, for appellant.

*Edward W. Manderson, H. Legrand Ensign* and *Alex. Simpson, Jr.*, for appellee.

PER CURIAM, May 23, 1904:

The assignments of error relate to the admission or exclusion of testimony at the trial, and to the findings of fact and conclusions of law. No exceptions were filed in the common pleas, and there is nothing to sustain the assignments. The rules of equity practice expressly provide for the filing of exceptions to cover all objections to rulings on evidence, findings of fact or law and to the decree in order that there may be an opportunity for a careful review by the judge who heard the case, or by the court in banc. Rule 67 is: " Upon appeal to the Supreme or Superior Court such matters only as have been so excepted to and finally passed upon by the court shall be assignable for error." It was said in Beatty v. Harris, 205 Pa. 377: " These rules are mandatory and their violation cannot be overlooked."

The assignments of error are dismissed, and the decree is affirmed at the cost of the appellant.