## Page *v.* Lytle, Appellant.

*Appeals—Assignments of error—Equity practice.*

1. On appeal to the Supreme or Superior Court in an equity suit such matters only as have been excepted to and finally passed on by the court are assignable in error.

*Appraisement—Interested appraiser—Waiver.*

2. Where one of the parties to an agreement for the appointment of appraisers to value lands knew at the time of the appointment of an appraiser that he was the agent of the other parties and understood fully his relation to them and acquiesced in his appointment, he must be held to have waived any objection to the appointment.

Argued May 18, 1910. Appeal, No. 87, Jan. T., 1910, by defendant, from decree of C. P. Blair Co., Equity Docket D, No. 639, directing defendant to accept deed and pay consideration in case of Fannie L. Page, Florence L. Ormsby and Caroline Ormsby v. Edward H. Lytle. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill for specific performance of agreement for the division of land. Before BELL, P. J.

The facts appear in the opinion of the Supreme Court.

*Errors assigned* were in findings and refusals to find and decree of the court.

*J. D. Hicks* and *A. V. Dively*, with them *D. J. Neff*, for appellant.

*H. A. Davis*, for appellee.

PER CURIAM, July 1, 1910:

The bill in this case was for the specific performance of an agreement between the plaintiffs and the defendant for the division of lands devised to them. The first assignment of error is the only one that is supported by the record. The other assignments relate to matters not excepted to in the common pleas and they cannot be considered. The rules of equity practice provide for the filing of exceptions to a decree nisi that shall cover all objections to rulings on evidence, findings of fact or law and to the decree of the court. Rule 67 is: "Upon appeal to the Supreme or Superior Court such matters only as have been so excepted to and finally passed on by the court, shall be assignable for error." The rules are mandatory and their violation cannot be overlooked: Beatty v. Harris, 205 Pa. 377.

The first assignment relates to the refusal of the court to find that one of the appraisers appointed by agreement of the parties to value the lands was incompetent to act because he represented the plaintiffs as agent and attorney in fact. The court in passing on the exception on which this assignment is based found as a fact that the defendant at the time of the appointment of the appraiser referred to, knew that he was the agent of the plaintiffs and understood fully his relation to them and acquiesced in his appointment. The defendant having acted with knowledge of facts that might tend to influence the judgment of this appraiser must be held to have waived any objection to the appointment.

The decree is affirmed at the cost of the appellant.