# Rigas *v.* Keller, Appellant.

*Equity—Injunction—Exceptions to decree—Lost record.*

Where a bill in equity is filed praying for an injunction and a responsive answer is made, and it is agreed that the injunction shall stand until final hearing, and a final decree is made dismissing exceptions to the findings of fact and conclusions of law and decree, and the exceptions are dismissed because they were not filed within ten days as provided in the equity rules, the exceptions will be reinstated and the record remitted to the court below, where practically the entire record has disappeared and there is nothing before the appellate court to show that the exceptions were in fact filed too late under the equity rules.

Argued Oct. 7, 1918.   Appeal, No. 171, April T., 1917, by defendants, from decree of C. P. Butler Co., June Term, 1916, No. 9, dismissing exceptions in case of Sam Rigas v. William Keller and Christ Keller.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ.   Reversed.

Bill in equity for an injunction.   Before REIBER, P. J. The facts appear in the opinion of the Superior Court.

*Error assigned* was decree dismissing exceptions.

*W. H. Martin,* and with him *S. F. Bowser,* for appellants.

*R. P. Scott,* for appellee.

OPINION BY HEAD, J., February 28, 1919:

The situation presented by this appeal is so altogether out of the ordinary course of litigation that anything like an elaborate opinion, in support of the order we feel obliged to make, could be of no possible use to the profession at large.

The bill prayed for an injunctive decree. A preliminary injunction was awarded. A responsive answer having been filed it was agreed the injunction should stand until final hearing. After a final decree dismissing the exceptions filed to the findings of fact, conclusions of law and decree an appeal to this court followed. In due course it came on for hearing at the April session of 1918 at Pittsburgh. It then was disclosed that practically the entire record had disappeared. It is not now important even to advert to the widely different views of counsel as to the probable cause of the loss of the record. Of necessity we continued the hearing of the appeal and made an order directing the court below to take the necessary steps to supply the lost record.

Now we must act on the record as we have it. It conclusively shows exceptions were filed to the findings of fact and conclusions of law prepared by the court as well as to the decree. It also shows that on February 13, 1917, these exceptions were dismissed without any consideration of them upon their merits, if any, for the expressed reason they "were not filed within ten days, as provided by the equity rules." The reason assigned is a perfectly good one if the record furnishes the foundation to justify the application of the equity rule.

The docket entries show a decree prepared by the judge as of November 27, 1916. It was not in form a decree nisi and contained no direction to the prothonotary to do anything. When was that decree filed? The very next docket entry answers in this language, viz: "December 18, 1916. Decree filed." There seems to be no room for doubt that exceptions, going to the merits of the case, were filed on December 26, 1916. The docket entry asserts the fact in this language, viz: "December 26, 1916. Exceptions to the findings of Law or Fact and to the Decree of Court filed." If these entries truly portray what actually occurred then the learned judge was in error in dismissing the exceptions on the ground they were not filed in time.

It is perhaps easy to see how the learned judge, in reproducing his decree, may have assumed it was actually filed as of the date it was prepared; but the docket entries, as we have quoted them take away the support that would uphold such assumption. There is therefore strong ground for the conclusion the appellants were deprived of their day in court to be heard on their exceptions to the action of the judge.

The decree dismissing the exceptions is reversed and set aside; the said exceptions are reinstated and the record is remitted to the court below with direction to proceed to hear and dispose of the same in the manner provided by the equity rules. The costs of this appeal to be paid by appellee.