## McCully, Admr., v. McCrary et ux., Appellants.

*Appeals — Assignments of error — Equity — "Decision on the merits"—Remedy at law—Decision in limine—Waiver—Act of June 7, 1907, P. L. 440.*

1. Where on an appeal in an equity suit, no assignment of error raises the question as to whether the suit should have been brought

at law, the appellate court, after a decision on the merits, will under the Act of June 7, 1907, P. L. 440, deem the question to have been waived.

2. A decision on the merits is one rendered upon the essential facts of the case—rather than on some technical rule of law or practice—after a legal trial, involving the real ground of action and defense, if the latter is presented, or after an opportunity for such trial.

3. The circumstances that a judgment is taken pro confesso followed by a full finding of facts, based on unanswered pleadings, and a final decree, makes the case none the less one adjudicated "on the merits," within the ordinary meaning of that term in the Act of 1907.

*Appeals—Assignments of error—Equity—Exceptions—Parties.*

4. Where no question is raised in the court below as to want of proper parties plaintiff, in an equity suit, such question will not be considered on appeal.

5. Assignments of error on an appeal in an equity suit, will be dismissed, where they are not based on exceptions taken in the court below.

*Equity—Parties—Jurisdiction—Administrator's right to file bill to cancel fraudulent deed.*

6. It seems that an administrator ordered to sell real estate for payment of debts, has a standing to file a bill in equity for the cancellation of a forged deed which casts a cloud upon the title.

Argued January 21, 1921. Appeal, No. 178, Jan. T., 1921, by defendants, from decree of C. P. No. 3, Phila. Co., Dec. T., 1919, No. 2301, on bill in equity in case of John E. McCully, administrator of Annie Monroe, deceased, v. Sims McCrary and Virginia McCrary, his wife. Before Moschzisker, C. J., Walling, Kephart, Sadler and Schaffer, JJ. Affirmed.

Bill in equity for the cancellation of a deed alleged to have been forged. Before Davis, J.

The opinion of the Supreme Court states the facts.

The court entered a decree in accordance with the prayers of the bill. Defendants appealed.

*Error assigned,* among others, was decree, quoting it.

*Albert E. Peterson,* with him *Oliver W. Payran,* for appellant.—The court did not have jurisdiction to entertain the bill: Merkel's Est., 131 Pa. 584; Fross's App., 105 Pa. 258; P. & A. Drove Yard's App., 123 Pa. 250.

The bill was an "ejectment bill": North Penn Coal Co. v. Snowden, 42 Pa. 488; Chambersburg Boro. School Dist. v. School Dist., 228 Pa. 119.

*H. James Sautter,* with him *Thomas G. Hawkes,* for appellee.—The court below had jurisdiction of the subject-matter of appellee's equity suit: Clauer v. Clauer, 22 Pa. Superior Ct. 395; Sears v. Trust Co., 228 Pa. 126.

Appellee was the proper party-plaintiff without the joinder of the heirs at law.

Misjoinder or nonjoinder of parties to an action cannot be raised for the first time in the appellate court: Phila., W. & B. R. R. Co. v. Conway, 112 Pa. 511; Kelley v. Kelley, 182 Pa. 131; Lindsay v. Dutton, 227 Pa. 208; Irwin v. R. R., 243 Pa. 7.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 7, 1921:

Plaintiff, John E. McCully, administrator of Annie Monroe, deceased, filed a bill in equity praying for the cancellation of a deed, which purported to be a conveyance by decedent to defendant, Sims McCrary, for two certain pieces of real estate in the city of Philadelphia; a decree was entered accordingly, against defendant and his wife, Virginia, and they have appealed.

The court below found the following facts: Annie Monroe died intestate, unmarried and without issue, on May 30, 1919; plaintiff was appointed administrator of her estate, on August 21, 1919; decedent owned the premises here in question; she occupied one of the properties, and the other was rented to the first-named defendant; shortly after plaintiff's appointment, he presented a petition to the orphans' court, averring that the

personal estate of decedent was insufficient to meet her debts, and praying leave to sell real estate for payment thereof; a decree was entered authorizing the petitioner to dispose of the real estate, above mentioned, at public sale; thereafter, plaintiff petitioned for leave to collect the rents of the property he was about to expose for sale, and the prayer of this petition was likewise granted; plaintiff then made demand on defendants for rent; whereupon they produced the paper here in controversy; this alleged deed, which was most informally drawn, had not been recorded and bore no revenue stamps, as required by the federal law; a few days later, defendants affixed stamps and recorded the document; plaintiff then filed his bill averring that the signature, purporting to be that of decedent, was a forgery, and that the names of the persons appearing as witnesses on the document were likewise forgeries; the bill, having been duly served, appeared upon the lists of the court below, and, no answer being filed, judgment was taken against defendants pro confesso.

Counsel for defendants having been notified of the decree pro confesso, the matter again appeared, in due course, upon the lists of the court below, and a formal adjudication was filed, finding the deed a forgery, with the other facts as we have stated them; the decree now complained of, directing the cancellation of the forged instrument, was then entered.

Appellants, through their counsel, contend that the bill is an ejectment bill, and hence the court below had no jurisdiction. As to this, we pointed out in Sears v. Scranton Trust Co., 228 Pa. 126, 135, that with us equity has broad powers to decree cancellation of deeds procured by fraud, and we are not prepared to say the present case does not fall within such jurisdiction; but, since there is no assignment of error which specifically raises that point, it is not necessary to decide it: see section 3 of the Act of June 7, 1907, P. L. 440, which provides as follows: "If upon an appeal, after a decision on the

merits, the question whether the suit should have been brought at law is not specifically raised by the defendant's assignments of error, the question shall be deemed to have been waived, and the decree below shall not be reversed or set aside because the suit should have been brought at law."

A decision on the merits is one rendered upon the essential facts in the case—rather than on some technical rule of law or practice—after a legal trial, involving the real grounds of action and defense, if the latter is presented, or after an opportunity for such trial; and the circumstance that a judgment is taken, as in this case, pro confesso, followed by full findings of facts, based on unanswered pleadings, and a final decree, makes the case none the less one adjudicated "on the merits," within the ordinary meaning of that term, as used in the Act of 1907; for it is too well established to require the citation of authorities that facts properly pleaded, which after due notice remain unanswered, may be treated as proved, if the law so ordains, and here the equity rules in effect thus direct: Rules 13, 29 and 30.

The other point relied on by appellants is that plaintiff, as administrator, had no authority to ask for the relief decreed by the court below; but, here again, since plaintiff had been ordered to sell the property, for the payment of decedent's debts, and it was obviously impossible to make such a sale with the cloud of the forged deed upon the title, we are not prepared to say he was not a proper party to institute proceedings to remove that cloud: see Sears v. Scranton Trust Co., supra, 135. It may be that the heir at law, if any, should have been joined as a party-plaintiff; but it is not necessary to decide any of these questions, for the objections now made —as to want of proper parties-plaintiff—were not raised in the court below.  Equity Rule 67 provides: "Upon appeal to the Supreme Court such matters only as have been......excepted to [in], and finally passed upon by, the court [below] shall be assignable for error."

In proceeding to final judgment, the trial court acted strictly according to Equity Rule 29; and, although that tribunal refused defendants' petition to vacate its decree, the assignment which complains of such refusal lacks necessary support, since no exception was taken. Moreover, we are not convinced that, under the circumstances of this case, the court erred in the premises.

Finally, we may say that none of the nineteen assignments of error, save the last, which complains of the final decree, is in the form required by our rules and the decisions thereon: for they fail to show the exceptions taken in the court below and that tribunal's disposal thereof. The first eighteen assignments are dismissed, and the nineteenth is overruled.

The decree is affirmed at the cost of appellants.