# Schwartz *v.* Wesoky, Appellant.

*Appeals—Equity rules—General exceptions—Findings of fact—Conclusions of law—Final decree—Admission of facts.*

1. Mere general exceptions to findings of fact and conclusions of law, although accepted by the court below, do not comply with the equity rules and are of no avail on appeal.

2. If specific exceptions are filed, subsequent objections to other matters must be raised before final decree under Rule 69, by additional exceptions, which the court may allow to be filed nunc pro tunc.

3. The provision of Rule 70 to the effect that, if no exceptions are filed, all objections shall be deemed to have been waived, means that if no exceptions are filed in compliance with Rule 69.

4. If exceptions are filed but not placed on the argument list for final disposition of the court in banc as provided by Rule 71, they cannot be considered on appeal under Rule 72, which provides

that such matters only as have been excepted to and finally passed upon by the court below, shall be assignable for error.

5. Under the provision of Rule 72 which provides that final decrees shall always be assignable for error whether excepted to or not, the appellate court cannot consider matters which under other rules should have been excepted to, and as to which no exceptions were filed. The final decree does not necessarily cover all points in controversy so as to entitle them to consideration on appeal.

6. Where the final decree only is assigned the correctness of the findings of fact is admitted and the only question to be considered on appeal is, do the findings support the decree?

*Appeals—Equity—Point not raised in court below.*
7. A point not raised in the court below will not be considered on appeal.

*Equity —Specific performance —Vendor and vendee —Tender— Waiver.*
8. Where a vendor of land refuses for a specific reason (other than a lack of tender at that time) to convey on the day named in the contract for settlement, the vendee is not obliged to make tender at such time.

Argued October 9, 1924. Appeal, No. 70, Oct. T., 1924, by defendant, from decree of C. P. Allegheny Co., July T., 1923, No. 480, for specific performance, in case of Nathan Schwartz v. Samuel Wesoky. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Appeal dismissed.

Bill for specific performance. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendant appealed.

*Errors assigned* were to various findings of fact and conclusions of law and final decree, quoting record.

*Harold C. Lowe,* with him *John M. Henry,* for appellant, cited: Hinnershitz v. Traction Co., 206 Pa. 91; Moyn v. Rose, 245 Pa. 601.

*A. M. Oliver,* with him *Isadore A. Bernstein,* for appellee, cited: Spiese v. Trust Co., 258 Pa. 423; Moyn v. Rose, 245 Pa. 601.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 24, 1924:

The court below made a decree against defendant vendor for specific performance of a contract to sell real estate.

The trial was held September 17, 1923; findings of fact, conclusions of law and decree nisi were handed down October 3, 1923; no exceptions having been filed by defendant, a final decree was entered December 19, 1923. On March 17, 1924, defendant, pending disposition by the court below of a rule to show cause why he should not be adjudged in contempt for failure to comply with the final decree, took exceptions for the first time as follows: "Defendant......excepts to the court's findings of fact and conclusions of law and to the decree of the court in the above entitled case." These general exceptions, though permitted by the trial judge, do not comply with the equity rules and can have no effect: Harris v. Mercur (No. 1), 202 Pa. 313, 317-18; Page v. Lytle, 229 Pa. 198; McCully v. McCrary, 269 Pa. 581, 586.

Equity Rule 69 provides that, within ten days after the adjudication and notice thereof, "exceptions may be filed by either party, which must cover all his objections to......the findings and conclusions of the chancellor, to the decree nisi, and to a failure or refusal to find any matter of fact or law substantially as requested"; it provides further that "objections not covered by the exceptions filed shall be deemed waived, and shall not thereafter be made the subject of controversy, either in the trial court or on appeal, unless, prior to final decree, upon cause shown, exceptions covering such matters are permitted to be filed nunc pro tunc." No such permission was asked for or granted in the present case. Rule 70 provides: "If no exceptions are filed, all objections

shall be deemed to have been waived, and the decree nisi shall be entered as the final decree, by the prothonotary, as of course." This means, if no exceptions are filed in compliance with Rule 69. Rule 71 is as follows: "If exceptions are filed, they shall be placed upon the argument list......and heard by the court in banc, which shall sustain or dismiss them in whole or in part, and affirm, modify or change the decree nisi accordingly." The so-called exceptions in this case were not placed on the argument list nor acted on by the court in banc, though the plain purpose of this rule is to afford the court below an opportunity to change or modify, not only its findings of fact and conclusions of law, but also the decree nisi, if such a course be deemed proper: Beatty v. Harris, 205 Pa. 377, 378; Swope v. Snyder, 209 Pa. 352, 353. Rule 72 provides: "Upon appeal to the Supreme or Superior Court, such matters only as have been excepted to, and finally passed upon by the court [below], shall be assignable for error, except......final decrees, which shall always be assignable for error, whether excepted to or not."*

Although, under the last mentioned rule, the final decree may be assigned for error without a formal exception being taken thereto, yet, under the other rules, matters required to be excepted to, and as to which no exceptions are filed in the court below, cannot be reviewed on the theory that the final decree necessarily comprehends all points in controversy; this is particularly true in a case like the present, where the final decree simply follows the decree nisi and the findings of fact and conclusions of law made by the court below. On the record before us, we can consider only the validity of the final decree, for that, in effect, is all that is assigned as error.

---

* The numbering of the requirements as to exceptions is taken from the new equity rules, which become effective January 1, 1925, but, so far as here involved, those rules are in all essential particulars the same as the old ones.

In Atlas Portland C. Co. v. Am. B. & C. Co., 280 Pa. 449, 452, this court said: "Should only the final decree be assigned, the correctness of the findings......is admitted; with these admissions, [the sole question] that will then be presented is, Do the findings support the decree?"

On the assignment covering the final decree, appellant contends that, since the adjudication contains no finding of fact to the effect that a tender was made on the day named in the contract for final settlement, the lack of this finding leaves the decree without requisite support. To this contention the answers are, (1) the record indicates that no such position was taken by defendant in the court below, (2) the written agreement does not make time the essence of the contract, (3) under the findings of the chancellor, defendant having refused for a specified reason (other than a lack of tender at that time) to convey on the day named for settlement in the contract, plaintiff was not obliged to make tender at such time (Shrut v. Huselton, 272 Pa. 113, 116-17; Hannan v. Carroll, 277 Pa. 33, 39), (4) as found by the court below, plaintiff made formal tender in ample time before bringing the present suit.

Both on the merits of the case and for the technical reasons already stated, appellant has no proper ground of complaint.

The appeal is dismissed at the cost of appellant.