## Divine et al. v. Skrotsky et al.

*Orphans' Court — Jurisdiction — Equity — Pro confesso — Guardian and ward—Private sale of real estate—Executors and administrators—Bill to oust jurisdiction of Orphans' Court.*

1. The Orphans' Court has exclusive jurisdiction over all things pertaining to the settlement and distribution of estates.

2. Jurisdiction over the subject-matter in litigation cannot be conferred upon a court that is without jurisdiction, even by the consent of all the parties in interest.

3. A final decree in equity, entered after a decree *pro confesso* has been taken, is binding only upon the party whose default caused the entry of the decree *pro confesso.*

4. The proceedings and decrees in all matters within the jurisdiction of the Orphans' Court will not be reversed or avoided collaterally in any other court, being liable to reversal, modification or alteration on appeal only.

5. A court of equity is without power to vacate the appointment of a guardian made by the Orphans' Court, or to remove an administrator deriving his authority from the register of wills.

6. A court of equity cannot vacate an order for the private sale of real estate by a guardian, made pursuant to the Revised Price Act of June 7, 1917, P. L. 388, or set aside the sale after such an order has been executed.

7. The Orphans' Court has exclusive control of the settlement of the accounts of administrators and guardians, whenever they are in any way accountable for any real or personal estate of their decedent or ward.

8. A bill in equity which has for its manifest purpose the ouster of the jurisdiction of the Orphans' Court in the administration of an estate by an administrator, an executor or a guardian will be dismissed for want of jurisdiction.

Bill in equity to set aside sale of real estate, &c. C. P. Schuylkill Co., Nov. T. 1925, No. 1.

*A. D. Knittle* and *G. H. Gerber,* for plaintiffs.

*P. B. Roads, R. A. Freiler, W. L. Kramer, C. A. Whitehouse* and *J. F. Mahoney,* for defendants.

BERGER, J., Nov. 22, 1926.—This is a bill in equity, praying, substantially, (1) for a decree to set aside a private sale of real estate which vested in the

Divine et al. *v.* Skrotsky et al.

minor children of Agnes Mistysyn, deceased, as her heirs or devisees, made pursuant to an order of the Orphans' Court upon the petition of the minors' guardian, and to direct the purchaser thereof, Y. M. Skrotsky, one of the defendants, to reconvey it to a trustee to be named by the court, in trust for the said minors, or else that he, Skrotsky, be declared a trustee *ex maleficio* for them; (2) for an order giving the trustee to be so appointed, or to be so declared, the power to rent the property pending its sale by the trustee by direction of the court, either privately or publicly, free and clear of all encumbrances, including those imposed upon the property by the purchaser, Skrotsky; and (3) for an order marshaling the liens of record entered against the property since its acquisition by Skrotsky, and distributing the proceeds of the proposed sale to those legally entitled thereto. A decree *pro confesso*, regularly taken against Skrotsky, and an answer raising preliminary objections to the bill filed on behalf of the other defendants, lien creditors of Skrotsky, raise the questions which are for determination.

## Facts.

1. Agnes Mistysyn, a resident of Schuylkill County, died April 15, 1924, leaving to survive her seven children, ranging in age from six to sixteen years. Her estate, real and personal, was approximately $20,000 in value.

2. April 24, 1924, Y. M. Skrotsky was appointed administrator of the estate of Agnes Mistysyn, and furnished a bond for $10,000, with Michael Kudlick, John Kuzio, Alexander Kosh and Mike Suranczak as sureties.

3. April 26, 1924, Alex. Kosh was appointed guardian of each of the minor children of Agnes Mistysyn by the Orphans' Court of Schuylkill County, and furnished bond in the sum of $2000 in each appointment. His sureties are Jerry Fetzenko, Mike Saraeczak or Suranczak, John Kuzio and Ellias Kosh.

4. With the exception of Michael Kudlick, one of the sureties for the administrator, the sureties for him and for the guardian are the same persons.

5. The bonds furnished by Skrotsky, as administrator, and by Kosh, as guardian, are insufficient.

6. June 9, 1924, Alex. Kosh, as guardian for his wards, presented his petition to the Orphans' Court of Schuylkill County, setting forth, *inter alia*, "that the said Agnes Mistysyn was, at the time of her death, seized in fee *(inter alia)* of three contiguous lots of ground, situate in said Township of New Castle, in what is known as Arnout's Addition to Saint Clair, situate at the corner of Broad and Dick Streets, each lot containing in front 20 feet and in depth 120 feet, and known on the map or plan of said Addition as lots Nos. 23, 24 and 25, in Block A, which the said decedent purchased only recently, to wit, on Feb. 4th, for the sum of $1050, and which, in the judgment of your petitioner, are now worth about that sum. That the said lots are vacant, unimproved and unproductive, yielding no income for the benefit of the said minors, and are a burden upon their estates to the extent, at least, that taxes must be paid thereon," and that Y. M. Skrotsky had "offered the sum of $1500 for the said above described lots," whereupon the Orphans' Court made an order as follows: "And now, June 9, 1924, the foregoing petition having been read and duly considered, and the court being of the opinion that it is for the advantage of said minors that the said proposed sale should be carried into effect, and that said sale may be made without injury or prejudice to any trust or charity, or any purpose for which the said lands are held, and without violating any law which may confer an immunity or exemption from sale or alienation, do now approve and decree a private sale and conveyance of said premises by the said Alexander Kosh, guardian, to the

said Rev. Y. M. Skrotsky, upon the terms and conditions in said petition set forth; and the said Alexander Kosh to give bond in the sum of $3000 for the faithful application of the proceeds of such sale. By the Court, Nathan J. Lutz, C. O. C."

7. The real estate directed to be sold by the order of June 9, 1924, was acquired by the decedent Feb. 4, 1924, by purchase for the price or sum of $1050, and her expenses in connection with the purchase were $29. After its purchase and before her death, Agnes Mistysyn, the decedent, had expended the sum of $2026.42 in its improvement, which fact was not recited in the guardian's petition praying for the order of sale.

8. After the death of Agnes Mistysyn, April 15, 1924, Y. M. Skrotsky, administrator of the estate of Agnes Mistysyn, expended the sum of $822.63 out of the funds of the estate for further improvements made on the said lots.

9. Pursuant to the order of sale made by the Orphans' Court, June 9, 1924, Alex. Kosh, as guardian, on June 16, 1924, granted and conveyed to Y. M. Skrotsky the real estate covered by the order of sale, without requiring payment of the consideration by the grantee, and the grantee's deed was recorded in the office for Recording of Deeds in and for the County of Schuylkill, in Deed Book 449, page 662.

10. After the delivery of the deed to him, Skrotsky proceeded with and completed the erection begun by Agnes Mistysyn, in her lifetime, of a hall and dwelling-house on the lots conveyed to him, and he claims that he was offered $28,000 for the property as so improved, which is its approximate value.

11. Alex. Kosh, as guardian, received $6000 insurance, payable to his wards as beneficiaries, and endorsed the checks for its payment over to Y. M. Skrotsky without any consideration.

12. Y. M. Skrotsky cashed the checks endorsed over to him by Alex. Kosh as guardian, and expended the proceeds in the erection and completion of the hall and dwelling-house aforesaid.

13. Y. M. Skrotsky, as administrator of Agnes Mistysyn, came into possession of bank deposits amounting to $1169.96, the property of the decedent, which he also used in the erection and completion of the hall and dwelling-house aforesaid.

14. Y. M. Skrotsky, before he took out letters of administration upon the estate of Agnes Mistysyn, deceased, was informed by her daughter, Anna Mistysyn, that her mother had died leaving a will, but both Skrotsky and his attorney told Anna Mistysyn that it was not necessary to probate the will and that they would look after her interests and those of her brothers and sisters.

15. Y. M. Skrotsky, as administrator of the estate of Agnes Mistysyn, and Alex. Kosh, as guardian of her minor children, conspired together to get possession of and to control the disposition of the estate of Agnes Mistysyn in a manner contrary to law.

16. Y. M. Skrotsky, as administrator, and Alex. Kosh, as guardian, were advised by the same attorney until Jan. 26, 1926, and no inventory or appraisement of the estate of Agnes Mistysyn was ever made or filed by her administrator, Y. M. Skrotsky.

17. Agnes Mistysyn, at the time of her decease and for sometime prior thereto, conducted a general grocery store, and, after her decease, Anna Mistysyn, now Divine, the eldest of her children, continued the business and maintained her brothers and sisters from the proceeds of the business.

18. Anna Divine, sometime after Jan. 26, 1926, learned that Y. M. Skrotsky, as administrator, had appropriated the moneys of her mother's estate

Divine et al. *v.* Skrotsky et al.

to his own uses, and that he had received and appropriated to his own use the $6000 insurance money paid to Alex. Kosh as guardian for his wards.

19. After these discoveries, Anna Divine employed A. D. Knittle, Esq., as her attorney, who filed a petition in the Orphans' Court of Schuylkill County, June 22, 1925, for a rule upon Y. M. Skrotsky to show cause why the sale of the real estate made to him by Alex. Kosh, as guardian, pursuant to the order of the Orphans' Court made June 9, 1924, should not be set aside. The Orphans' Court, on or about June 22, 1925, also granted rules to show cause why the said Alex. Kosh, as guardian of the minor children of Agnes Mistysyn, deceased, and Y. M. Skrotsky, as the administrator of the estate of Agnes Mistysyn, should not be removed. Testimony was taken in support of these rules, and thereafter, on March 29, 1926, the Orphans' Court dismissed the petition and rule or rules without prejudice to the petitioners, and without having passed on the merits of the petitioners' claim, and for the sole reason that the judgment creditors of Y. M. Skrotsky should have been notified of the application to set aside the sale of the real estate made to him as aforesaid.

20. Jan. 26, 1926, an order of the Orphans' Court, restraining Y. M. Skrotsky from encumbering the real estate acquired as aforesaid, was entered by agreement of counsel. The order reads as follows: "Now, Jan. 26, 1926, counsel for defendant, Y. M. Skrotsky, and counsel for the petitioners having agreed that said Rev. Y. M. Skrotsky shall be restrained from selling or encumbering the real estate of Agnes Mistysyn, conveyed to him by Alexander Kosh, guardian of said estate of her minor children, the court doth hereby order, direct and restrain said Rev. Y. M. Skrotsky, his heirs, executors and administrators, from conveying and encumbering said real estate so conveyed to him by Alexander Kosh, guardian of the minor heirs of Agnes Mistysyn, during the pending of the proceeding to set aside said sale and until further order of this court, which either party may move for upon five days' notice to the other side."

21. The last will and testament of Agnes Mistysyn was probated in the office of the Register of Wills in and for the County of Schuylkill on March 10, 1926.

22. The Schuylkill Trust Company of Pottsville, Pa., is the executor of the estate of Agnes Mistysyn.

23. Y. M. Skrotsky, after the delivery of the deed to him by Alex. Kosh, guardian, and while in possession of the real estate intended to be conveyed by the said deed, had liens entered against himself as follows: Hermes G. Micha, $1585.06, entered 1925; Bright Hardware Co., $216.46, entered Nov. 6, 1925; Nicholas Kulka, $2100, entered Nov. 7, 1925; John L. Conrad Sons, $336.11, entered Dec. 5, 1925; L. S. Gilham, $155, entered Dec. 8, 1925; Dmytro Ostiak, $1000, entered Dec. 12, 1926; John L. Conrad Sons, $1104.92, entered Feb. 3, 1926; Citizens' National Bank of Monessen, $500, entered April, 1926; Israel Rubinsky, $7000 mortgage, recorded.

24. The dwelling-house erected on the said lots is occupied, but the hall is unoccupied, presently unproductive, and is depreciating in value for want of occupancy.

25. This bill is filed by Joseph Divine, as the next friend of the minor children of Agnes Mistysyn; on behalf of the Schuylkill Trust Company, executor of the estate of Agnes Mistysyn; and on behalf of any other person who may be interested in the estate of Agnes Mistysyn, deceased.

### Discussion.

The findings of fact are founded upon the allegations of plaintiff's bill, by virtue of a decree *pro confesso* entered against Y. M. Skrotsky, one of the

defendants, for failure to appear and answer after service of the bill upon him. Equity Rule 51, authorizing the taking of a decree *pro confesso*, requires the court, after its entry, to-proceed and enter the appropriate final decree, which, of course, must be warranted by the facts which have been found. This was also the practice under the old Equity Rule 69: Lincoln *v.* Africa, 228 Pa. 546, 548; McCully, Admin'r, *v.* McCrary et ux., 269 Pa. 581. A final decree, entered pursuant to Equity Rule 51, has the force and effect of a decree entered after a contest, "so far as relates to those who were served or appeared in the suit." The quoted phrase limits the effect of a final decree, entered upon the facts presumptively admitted by a decree *pro confesso*, to those whose default authorized the entry of that decree.

A reference to the findings of fact in the instant case will disclose that the subject-matter in controversy is either the estate of Agnes Mistysyn, deceased, or the estate of her minor children, both estates now being in process of administration in the Orphans' Court of Schuylkill County. No decree against Y. M. Skrotsky, the administrator of the estate of Agnes Mistysyn, can be made on the facts found by virtue of the decree *pro confesso* entered against him, unless our court has jurisdiction of the subject-matter of the bill of complaint. Authority of the court over the subject-matter in litigation cannot be waived by the parties or obtained by their acquiescence: Lewisburg Bridge Co. *v.* County of Union and County of Northumberland, 232 Pa. 255, 262. The entry of the decree *pro confesso* against Skrotsky is an implied waiver of the question of jurisdiction, but it is without effect, for, even though all the parties by their agreement sought to confer jurisdiction upon this court, the agreement would be of no avail. Jurisdiction over the subject-matter of an action cannot be conferred even by the consent of all the parties in interest: Hazard's Estate, 253 Pa. 447, 450; Dick's Estate, 273 Pa. 69, 72.

The order for the entry of the decree *pro confesso* against Skrotsky was filed with the prothonotary Nov. 1, 1926, by counsel representing the plaintiffs. On Oct. 20, 1926, an answer raising preliminary objections to the bill, as is provided in Equity Rule 48, was filed on behalf of the George Bright Hardware Company, one of the defendants. On the same day, an agreement was executed by counsel representing all the parties to the bill, except Skrotsky, which was filed of record Oct. 25, 1926. The agreement reads thus:

"And now, Oct. 20, 1926, it is agreed between G. H. Gerber and A. D. Knittle, representing the bill filed in the above stated case, and R. A. Freiler, representing Herman G. Micka; P. B. Roads, representing Bright Hardware Company; W. L. Kramer, representing John L. Conrad Sons; J. F. Mahoney, representing Israel Rubinsky, and C. A. Whitehouse, representing Nicholas Kulka, that the preliminary objections to the bill filed by P. B. Roads, in behalf of Bright Hardware Company, shall relieve all the other parties from filing any answer in the above stated case or the filing of any preliminary objections to said bill until such time as the preliminary objections to the bill, as filed by P. B. Roads, acting for the Bright Hardware Company, shall be disposed of, and the said preliminary objections filed by the said P. B. Roads shall inure to the benefit of all the parties defendant or the disposition made by the court to have the same effect.

"A. D. Knittle and G. H. Gerber, Attorneys for Plaintiff.
"P. B. Roads, Attorney for George Bright Hardware Company.
"R. A. Freiler, Attorney for Herman G. Micka.
"W. L. Kramer, Attorney for John L. Conrad Sons.
"C. A. Whitehouse, Attorney for Nicholas Kulka.
"J. F. Mahoney, Attorney for Israel Rubinsky."

The entry of the decree *pro confesso* was clearly a violation by counsel for the plaintiffs of the agreement which they had made, but its entry neither forecloses consideration of the question of jurisdiction over the subject-matter of this litigation in its relation to Skrotsky nor in its relation to the other defendants, who have assigned the want of jurisdiction in the ninth paragraph of their answer, raising preliminary objections to the bill, as a ground for its dismissal.

The Orphans' Court Act of June 7, 1917, § 9, P. L. 363, 371, confers jurisdiction upon the several Orphans' Courts, *inter alia*, as follows:

"*(a)* The appointment, control, removal and discharge of the guardians of minors and the settlement of their accounts.

"*(d)* The control, removal and discharge of executors and administrators deriving their authority from the register of the respective county, and the settlement of their accounts.

"*(e)* The distribution of the assets and surplusage of the estates of decedents among creditors and others interested.

"*(g)* The disposition of the title to real estate of decedents and of persons disabled from dealing therewith, in order to render the same freely alienable and productive to the living owners thereof.

"*(l)* All cases within their respective counties, wherein executors, administrators, guardians or trustees may be possessed of, or are in any way accountable for, any real or personal estate of the decedent."

Under the Act of June 16, 1836, § 19, par. 1-8, P. L. 792, conferring jurisdiction upon the several Orphans' Courts, it was repeatedly held that the Orphans' Court has exclusive jurisdiction over all things pertaining to the settlement and distribution of estates, including the claims of creditors, next of kin and legatees: Linsenbigler *v.* Gourley, 56 Pa. 166, 172; Appeal of Miskimins et al., 114 Pa. 530, 533; Tyson *v.* Rittenhouse, 186 Pa. 137, 143; Long's Estate, 254 Pa. 370, 374; Marsteller's Estate, 76 Pa. Superior Ct. 377, 380. Clauses *(a)*, *(d)*, *(e)*, *(g)* and *(l)* of the Orphans' Court Act of 1917 are substantially a re-enactment of paragraphs 1, 2, 3, 4 and 8 of section 19 of the Act of June 16, 1836; hence, the jurisdiction of the Orphans' Court is not diminished by the Act of 1917, but rather clarified or enlarged: Schadt's Estate, 282 Pa. 523, 527, 528. The Orphans' Court has full power to control all cases within their respective counties where administrators or guardians may be possessed of, or are in any way accountable for, any real or personal estate of which they have or had possession by virtue of the trust reposed in them: Orr's Estate, 283 Pa. 476, 479.

The extent to which the Orphans' Court has actually assumed jurisdiction over the subject-matter involved in this action may be recapitulated as follows:

1. It has appointed Alex. Kosh the guardian of the plaintiffs and has made no disposition, on the merits, of their application to have his appointment vacated.

2. The plaintiffs' proceedings to have Y. M. Skrotsky, as administrator of the estate of their mother, Agnes Mistysyn, removed have not been disposed of on the merits.

3. The plaintiffs' proceedings to have the order of June 9, 1924, authorizing the private sale of their real estate by their guardian, vacated have not been disposed of on the merits.

4. The plaintiffs' proceedings to have the sale made by their guardian to Skrotsky, pursuant to the order of June 9, 1924, set aside have not been disposed of on the merits.

Divine et al. *v.* Skrotsky et al.

5. The order of the Orphans' Court, made Jan. 26, 1926, by agreement of plaintiffs' counsel, restraining Y. M. Skrotsky from selling or encumbering the real estate convey to him by Alex. Kosh, the guardian of the plaintiffs, remains in full force. The power to enter it was conferred upon the Orphans' Court by section 16 of the Orphans' Court Act of June 7, 1917, P. L. 363, 373.

The order of sale made June 9, 1924, was authorized by section 2 of the Revised Price Act of June 7, 1917, P. L. 388, 391, and the exclusive power to remove administrators and guardians is in the Orphans' Court by virtue of section 53 of the Fiduciaries Act of June 7, 1917, P. L. 447, 518. Moreover, section 2 of the Orphans' Court Act of June 7, 1917, P. L. 363, 368, provides that all proceedings and decrees in all matters within the jurisdiction of the Orphans' Court shall not be reversed or avoided collaterally in any other court, but that they shall be liable to reversal, modification or alteration on appeal.

The manifest purpose of this bill is to take the administration of the plaintiffs' estate and that of their mother, Agnes Mistysyn, deceased, out of the Orphans' Court, which, in our opinion, has exclusive jurisdiction thereof.

### Conclusions of law.

1. The Orphans' Court has exclusive jurisdiction over all things pertaining to the settlement and distribution of estates.

2. Jurisdiction over the subject-matter in litigation cannot be conferred upon a court that is without jurisdiction, even by the consent of all the parties in interest.

3. A final decree in equity, entered after a decree *pro confesso* has been taken, is binding only upon the party whose default caused the entry of the decree *pro confesso*.

4. The proceedings and decrees in all matters within the jurisdiction of the Orphans' Court shall not be reversed or avoided collaterally in any other court, being liable to reversal, modification or alteration on appeal only.

5. A court of equity is without power to vacate the appointment of a guardian made by the Orphans' Court, or to remove an administrator deriving his authority from the register of wills.

6. A court of equity cannot vacate an order for the private sale of real estate by a guardian made pursuant to the Revised Price Act of 1917, nor set aside the sale after such an order has been executed.

7. The Orphans' Court has exclusive control of the settlement of the accounts of administrators and guardians whenever they are in any way accountable for any real or personal estate of their decedent or ward.

8. A bill in equity which has for its manifest purpose the ouster of the jurisdiction of the Orphans' Court in the administration of an estate by an administrator, an executor or a guardian must be dismissed for want of jurisdiction.

### Final decree.

And now, Nov. 22, 1926, upon consideration of the foregoing case, it is ordered, adjudged and decreed that the plaintiffs' bill be dismissed and that they pay the costs.

From M. M. Burke, Shenandoah, Pa.