## Anderson v. Craft

*Victor A. Decker* and *Grim & Cadwallader*, for complainant.

*Dorothy Stroh Tisdale* and *Sidney L. Krawitz*, for respondent.

DAVIS, P. J., October 22, 1948.—In this case the findings of fact, conclusions of law and decree nisi were filed by the court in the prothonotary's office on June 15, 1948. The prothonotary notified Victor A. Decker, local counsel for plaintiff, of the entry of the adjudication by the court. No exceptions being filed within 10 days, same was entered as a final decree. On September 17, 1948, exceptions to the findings of fact and conclusions of law were filed on behalf of plaintiff by his attorney, J. Lawrence Grim. On September 20, 1948, Sidney L. Krawitz and Dorothy Stroh Tisdale, attorneys on behalf of Dorothy Stroh Tisdale, executrix of the Estate of Fannie F. Craft, deceased, defendant, filed a motion to strike off the exceptions. A rule was granted returnable to October 18, 1948, and the matter came on for hearing and argument on the return day.

Fanny F. Craft, defendant, died March 23, 1948. Dorothy Stroh Tisdale has qualified as executrix of the estate.

It was admitted at the bar of the court, if not stipulated, that, prior to the institution of this suit J. Lawrence Grim, Esq., of the firm of Grim and Cadwallader, of Bucks County, Pa., informed the court that he was unable to obtain local counsel for the purpose of instituting the suit due to the fact that the bar of Pike County is small in number, certain attorneys were not in a position to associate with him and at least one was in the armed service. Subsequently, the court asked Victor A. Decker, a member of the Wayne County bar, who at that time was practicing to a certain extent in Pike County by reason of the absence of Sidney L. Krawitz, Esq., in the armed service, if he would be willing to be associated with Mr. Grim and Mr. Cadwallader in the case. He assented and subsequently entered his appearance with Grim and Cadwallader for plaintiff. At the time the adjudication of the

court was filed Mr. Krawitz had returned to Pike County and Mr. Decker was no longer practicing in Pike County. The court knows that Mr. Decker is an elderly gentleman who for many years not only engaged in the practice of law but had extensive business interests.

It is admitted that Mr. Decker did not prepare any of the pleadings, engage in the trial of the case or participate in the argument. It is also admitted that neither Mr. Grim, Mr. Cadwallader, or plaintiff had any knowledge of the filing of the adjudication of the court in the prothonotary's office until notice was received from Victor A. Decker, Esq., on September 13, 1948, although it is undisputed that plaintiff was in the prothonotary's office on August 3, 1948, but did not inquire about the present case.

Equity Rule 69 allows 10 days for either party to file exceptions and provides that objections not covered by the exceptions shall be deemed waived.

Equity Rule 70 provides that if no exceptions are filed all objections shall have been deemed to have been waived and the decree nisi shall be entered as a final decree. Rule 70 obviously means that all objections shall have been deemed to have been waived if no exceptions are filed in compliance with Rule 69: Schwartz v. Wesoky, 281 Pa. 388.

Notice having been served on Victor A. Decker, of counsel for plaintiff, and no exceptions having been filed within the required 10 days, it is obviously our duty to make the rule absolute and dismiss the exceptions if we technically consider the record as it is presented to us: Schwartz v. Wesoky, supra; Rigas v. Keller, 71 Pa. Superior Ct. 159; Cardillo v. Mazza, 28 Del. Co. 195; Ralph Rende et ux. v. Union Joint Stock Land Bank of Detroit et al., 52 Dauph. Co. 158. However, in order to avoid a multiplicity of actions we will treat the matter as though plaintiff had filed a motion

for leave to file exceptions to the adjudication and decree nisi nunc pro tunc.

Counsel for plaintiff argues that the exceptions should be allowed for two reasons: (1) That it was the duty of the prothonotary to not only notify Victor A. Decker, local counsel, of the filing of the adjudication but also his duty to notify Grim and Cadwallader, of Bucks County, Pa. (2) Due to the facts and circumstances surrounding Mr. Decker's position in the case it would be inequitable to deprive plaintiff of the right to file exceptions.

We do not believe the first reason is tenable. One of the reasons for requiring local counsel is to have a responsible person within the jurisdiction upon whom service of notices may be made. Equity Rule 68 provides:

"Upon the filing of the adjudication, the prothonotary shall enter the decree nisi and give notice to the parties, or their counsel of record, of the entry of the decree."

Local rules of court provide the method for giving notice to local counsel. Neither local rules of court nor the Supreme Court Equity Rules provided for the method of giving notice to counsel out of the county in which the action is pending. If the Supreme Court had intended that notice should be given to counsel outside of the county would they not have provided for the method of notice in the rule?

The second reason contains more merit and appeals to the conscience of the court. Mr. Decker only practiced in Pike County temporarily. He did not engage in the trial of the case or the argument before the court. He is well advanced in years and originally came into the case at the suggestion of the court because at that time there was no other local counsel available. Under these circumstances we can under-

stand that the matter could escape his attention. To err is human.

Unless a hardship will be imposed upon the other party a court may, as an act of grace, permit exceptions to be filed nunc pro tunc: Hinnershitz v. United Traction Co., 206 Pa. 91, 98. Defendant's counsel argue that an allowance of exceptions nunc pro tunc would work a hardship because the personal property in the estate of defendant is not sufficient to pay the debts and in all probability the matter would not be finally determined so that the property could be sold for the payment of debts within one year from the date of the death of defendant. We do not see how this would work any particular hardship to the estate of defendant. It might cause some inconvenience to creditors; however, they have adequate means to protect their rights under the law. It is the duty of the court to exercise its discretion in the matter. In the exercise of this discretion we hold that justice, fairness and equity require the allowance of the exception.

"Under Equity Rule 69, exceptions to an adjudication and decree nisi may be filed, as of right, by either party within ten days after notice thereof. The Equity Rules were not intended, however, to be inexorably binding: Borough of Sunbury v. The Sunbury & Susquehanna Railway Company, 241 Pa. 357, 360, 88 A. 543. In other words, they are not to be so administered as to work inequity. Accordingly, it has been held that it lies within the discretion of a chancellor to permit the filing of exceptions nunc pro tunc after the ten days covered by a notice have expired: Hinnershitz v. United Traction Company, 206 Pa. 91, 97, 55 A. 841. But, the discretion is a legal one and, if abused in its exercise, the abuse can be corrected or rectified on appeal: Mielcuszny v. Rosol, 317 Pa. 91, 93-94, 176 A. 236. In the case last cited, it was said

that, 'An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion . . . the judgment exercised is manifestly unreasonable . . . discretion is abused' ": Pokrzywnicki v. Kozak, Jr., et al., 353 Pa. 5, 6.

Therefore, we enter the following order:

And now, October 22, 1948, leave is hereby granted to plaintiff to file exceptions to the findings of fact, conclusions of law and decree nisi filed on June 15, 1948, nunc pro tunc, and further it is ordered, adjudged and decreed that the exceptions filed by plaintiff September 17, 1948, shall constitute the exceptions filed pursuant to the permission to file exceptions nunc pro tunc herein granted, and the prothonotary is hereby directed to place the matter on the argument list for November 4, 1948, at 1:30 o'clock p. m.