## Fidelity T. & T. Co. *v.* Hays, Appellant.

*Appeals —Equity —Final decree —Assignment of error —Findings.*

1. Where the final decree in equity is, in effect, all that is assigned as error, the correctness of the underlying findings is thereby admitted, and the appellate court will only consider the decree.

2. If the decree follows the findings, and the appellate court is not convinced that the decree is wrong in law or on the merits of the case, the appeal will be dismissed.

Submitted October 13, 1924. Appeal, No. 143, Oct. T., 1924, by defendant, from decree of C. P. Allegheny Co., Jan. T., 1924, No. 349, on bill in equity, in case of the Fidelity Title & Trust Co., testamentary trustee under will of William B. Hays, deceased, v. Milton D. Hays. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to remove cloud on title. Before REID, J.
The opinion of the Supreme Court states the case.
Decree for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Walter G. Crawford,* for appellant.

*A. O. Fording,* for appellee.

PER CURIAM, November 24, 1924:
The Fidelity Title & Trust Company, trustee under the will of William B. Hays, deceased, filed a bill to remove a cloud from the title of certain lands conveyed in fee to its decedent by deed dated May 9, 1905, and recorded shortly thereafter. The cloud consists of an agreement, dated April 28, 1905, and recorded April 29, 1905, between Jeanette U. Lenker and defendant, for the sale by the former to the latter of the real estate which she subsequently conveyed to decedent. The bill avers defendant entered into the agreement in question as agent of decedent, who paid all the purchase price, and that the conveyance to decedent was made, at the request of defendant, in fulfillment of the contract. Defendant (appellant here) filed an answer, combining with it a cross-bill. These pleadings admit certain material averments of the original bill, for instance, that the

conveyance to decedent was in execution of the contract held by defendant, but they deny that the latter was the agent for William B. Hays, or that his separate money went into the purchase of the property; they set up the claim that the purchase was made for the joint account of both decedent and defendant, each to have an equal one-half interest therein, the money for the purchase coming from the funds of an alleged partnership between them. The cross-bill prays for a decree "establishing the undivided one-half of the title of said land in...... defendant," and "excluding......plaintiff from any title other than the [remaining] undivided one-half." To this answer and cross-bill, plaintiff filed a replication and answer denying all of defendant's material averments and concluding with a statement that, from 1905, the date of the conveyance to decedent, defendant "never made any claim to an interest in said land, or any right therein or in any profits or proceeds thereof, at any time, in any manner, until he filed his answer to plaintiff's bill"; and defendant made no allegations to the contrary. The parties went to trial on these pleadings, there being no question raised in limine as to the jurisdiction of the court below. The chancellor found the facts in favor of plaintiff.

Neither the correctness of the findings of fact, the sufficiency of the proofs on which they rest, nor the method by which they were reached are challenged in the assignments of error, appellant, so far as his assignments are concerned, contenting himself by simply attacking the court's ultimate conclusions of law, which appear in the final decree, to the effect that the recorded agreement constitutes a cloud on plaintiff's title, that defendant is barred from claiming thereunder and his cross-bill dismissed. Under the circumstances, "we can consider only the validity of the final decree, for that, in effect, is all that is assigned as error......Should the final decree only be assigned, the correctness of the [underlying]

findings is [thereby] admitted": Schwartz v. Wesoky, 281 Pa. 388.

The decree follows the findings, and we are not convinced that it is wrong in law or on the merits of the case, which is all that need be said in disposing of the present controversy.

The appeal is dismissed at cost of defendant.