# Himrod *v.* McFayden, Appellant.

*Appeals—Equity—Findings of fact—Exceptions—Failure to file exceptions—Equity Rule 69.*

1. Where no exceptions have been taken to findings of fact in an equity case, the findings are admitted on appeal.

2. In such case, an appeal questions merely their sufficiency to support the final decree.

3. Though exceptions to the findings and decree nisi are allowed after the final decree, they do not comply with Equity Rule 69 and are of no avail.

4. The findings of fact by a chancellor have the force and effect of a verdict of a jury, and will not be disturbed on appeal, if there is evidence to support them.

5. Where findings of fact are unexcepted to, the appellate court will not examine the record to ascertain if they are supported by evidence.

*Equity—Specific performance—Inability to perform—Vendor's own fault.*

6. Equity does not make contracts, but deals with those already made with a view to prevent the intention of the parties from being frustrated by rigid rules of law or some mistakes of the parties. The decree must always conform to the precise contract.

7. Where a vendor subsequent to the contract extends a mortgage and thereafter the vendee tenders the purchase money and demands a deed, the vendor cannot excuse himself because of his inability to pay off the mortgage.

8. If a conveyance is decreed leaving the mortgage to stand as a lien against the property, and a contingent liability thereby vests in the vendor, he has only himself to blame.

9. When the vendor undertook to extend the mortgage, he should have had in view the fact that the vendee could pay at any time and demand specific performance, and so protected himself by securing the right to anticipate future payment.

Argued February 3, 1925. Appeal, No. 51, Jan. T., 1925, by defendant, from decree of C. P. Erie Co., Sept. T., 1922, No. 8, awarding specific performance, in case of John Himrod v. Alex. McFayden. Before MOSCHZISKER,

C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Bill for specific performance.  Before ROSSITER, P. J. The opinion of the Supreme Court states the facts. Decree for plaintiff.  Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Charles F. Haughey,* for appellant, cited: Phila. & R. R. R. v. Coal & Nav. Co., 36 Pa. 204; Schwartz v. Wesoky, 281 Pa. 388; Converse v. Vanatta, 24 Pa. 257; Conneaut Lake Ice Co. v. Quigley, 225 Pa. 605.

*P. V. Gifford,* for appellee, cited: South Side Trust Co. v. Litman, 279 Pa. 124; Mead v. Sherwin, 275 Pa. 146; Werdebach's Est., 280 Pa. 27; McMillin v. Titus, 222 Pa. 500; Myers' Est., 238 Pa. 195; Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa 288.

OPINION BY MR. JUSTICE KEPHART, March 16, 1925:

This is an appeal from a decree directing specific performance of a contract for the sale of real estate.  No exceptions were filed to the findings of fact, the conclusions of law or the decree nisi.  Where no exceptions have been taken to findings of fact, they are admitted; an appeal questions merely their sufficiency to support the final decree: Atlas Portland Cement Co. v. American Brick & Clay Co., 280 Pa. 449, 452; Schwartz v. Wesoky, 281 Pa. 388, 392; Fidelity T. & T. Co. v. Hays, 281 Pa. 461, 463.  Though exceptions to the findings and decree nisi were allowed after the final decree, they do not comply with Equity Rule 69 and are of no avail: Schwartz v. Wesoky, supra.

It appears from the findings that plaintiff, in the employ of defendant, desired to purchase a property in Erie, but was not financially able to handle the deal.

Defendant, in order to aid plaintiff, arranged with him to take title to the property in his own name and sell it to plaintiff by contract, in this capacity defendant acted, not as the owner selling the land in the ordinary sense, or as an agent, but in a sort of fiduciary relation, lending his own financial responsibility to aid plaintiff in securing the property. Defendant did not purchase by cash payment but gave a mortgage covering the entire price, after which he sold the property on an article of agreement for the same sum for which it was purchased, without however making any mention in the agreement of the existence of the mortgage, but with the understanding, as appears from the finding of the court, that, on payment of the mortgage by plaintiff, he would be entitled to a deed to the property. The court finds as a fact that the "partial payment plan adopted, was wholly for the accommodation of Himrod, and that he had and has a right at any time to pay the whole amount, take up the agreement, and demand a deed of the property, which never really belonged to McFayden, but which he held only in a fiduciary capacity for Himrod." This in substance is the case as found by the court below, and further that plaintiff tendered to defendant the balance of the purchase money and demanded the deed. The findings of fact by a chancellor have the force and effect of a verdict of a jury, and will not be disturbed if there is evidence to support them (Glenn v. Trees, 276 Pa. 165, 167-8; Atlas Portland Cement Co. v. American Brick & Clay Co., supra, 453), and, when unexcepted to, this court will not examine the record to ascertain if they are supported by evidence.

Appellant complains that the court below in effect set aside a partial payment agreement and substituted therefore one different from that executed by the parties; that the court should not read into the contract provisions which the parties themselves did not see fit to incorporate therein.

Equity does not make contracts. It deals with those already made to prevent the intention of the parties from being frustrated by rigid rules of law or some mistakes of the parties: Phila. & Reading R. R. Co. v. Lehigh Coal & Navigation Co., 36 Pa. 204. The decree must always conform to the precise contract; the court will not make one for them. There is no disposition to depart from these well grounded principles of law. But appellant makes the mistake of assuming the written contract controlled, without considering the circumstances and the purposes under and for which the contract was made. As the record is presented, this appellee had the right at any time to tender the balance of the purchase money due, and demand a deed. The fact defendant secured the extension of his mortgage placed against the property will not relieve him from compliance with his obligation to convey; nor will we assume impossible conditions will be created by the decree. As we view the record, the decree is in alternative form. If the mortgagee will accept payment of the mortgage, the entire matter can be closed without contingent liability to defendant. But, if not, then, under the amended decree as to the amount due, the balance can be paid leaving the mortgage to stand as a lien against the property. It must be remembered, if a contingent liability thereby rests on defendant, it was brought about by him. When defendant undertook to secure an extension of the mortgage payment he should have had in view the fact that plaintiff could pay at any time and demand specific performance of the contract, and so protected himself in the extension by securing the right to anticipate future payment. It is not vendee's fault that this condition exists, and appellant must suffer whatever consequences result from his own act. Appellee is not to be denied his deed for the property under these circumstances.

After a careful review of the record, with no exceptions taken to the findings of fact, we can do nothing less

than hold that the court below did not commit error in directing specific performance of the contract.

The decree of the court below is affirmed at the cost of appellant.