## Tearpoak *v.* Tearpoak, Appellant.

*Donor—Donee—Gift inter vivos—Money in bank—Actual or constructive delivery.*

On interpleader to determine the title to certain money on certificate of deposit, it appeared that the depositor had made a deposit of three thousand dollars in the name of himself, his wife and his son. Subsequently the wife died and the depositor drew out, on his own signature, a part of the money. The son in the meantime had signed a signature card, but exercised no other authority over the deposit. He claimed, however, that he was entitled to one-third of the original amount as a gift from his father.

*Held,* that nothing had been done which gave the complete control of the property to the son and that there was no gift and that the money belonged to the depositor.

To constitute a valid gift inter vivos, two essential elements must combine: An intention to make a gift then and there, and such actual and constructive delivery at the same time to the donee as divests the donor of all dominion over the subject and invests the donee therewith.

Argued May 6, 1925. Appeal, No. 225, April T., 1925, by defendant, from judgment of C. P. Allegheny Co.,

Jan. T., 1924, No. 2385, in the case of John Tearpoak, Sr., v. John Tearpoak, Jr. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Interpleader to determine title of money on certificate of deposit. Before SHAFER, P. J.

The facts are stated in the following opinion of the court below:

It appears from the evidence that John Tearpoak, Sr., a foreigner not able to read English and speaking English very imperfectly, went to the First National Bank of Bridgeville and deposited in it $3,000 receiving a certificate of deposit or bank book, made out in the name of himself, his wife, and his son, John Tearpoak, Jr. His wife died a short time thereafter and he went to the bank and upon his own check drew out $500 of the amount deposited. Some considerable time thereafter when he had married again, he went to the bank to have his new wife's name put in the bank book. The bank declined to do this without the presentation of a check signed by himself and his son, and the son having refused to sign a check and claiming to own $1,000 of the deposit, the father brought this suit against the bank to receive the whole of the deposit. The bank thereupon called upon the parties to interplead and it was arranged that $2,000 which the son admitted belonged to the father should be paid to him and that the remaining $1,000 should be held by the bank to be paid to such of the parties as should show title thereto, and an issue was framed to which the father was plaintiff and the son defendant, to try the title, to this $1,000, and that is the issue which was tried. The case was submitted to a jury, which found a verdict for the son, and the father now makes this motion for judgment n. o. v.

It was not in dispute in the case that the money which the father took to the bank belonged to him, and the

son's title to it therefor, if he has any, must depend upon his having received it as a gift from his father.

The verdict of the jury establishes that the father intended to make such a gift. The only question, therefore, is whether what he did amounted to a delivery.

The characteristic of a delivery is a release by the donor of all dominion over the property and the investment of the donee with full control of it: Walsh's App., 122 Pa. 177; Hafer v. McKelvey, 23 Pa. Superior Ct. 202; Flanagan v. Nash, 185 Pa. 41.

The burden of the defendant's argument is that by making a deposit as it was made, the father had deprived himself of control of the money and could not get it from the bank again without the son's signature, but as defined in the cases above cited, it is further necessary that the donee should have complete control by the delivery and that he did not have.

As there was nothing done in this case which gave complete control of the property to the defendant, it follows that there was no gift and that the money still belongs to the plaintiff. It is therefore ordered that judgment be entered for the plaintiff notwithstanding the verdict. The motion for a new trial is refused.

The court entered judgment in favor of the plaintiff non obstante veredicto. Defendant appealed.

*Error assigned* was the order of the court.

*Hugh M. Stilley,* and with him *J. J. O'Donnell,* for appellant.—The act of the depositor, coupled with the known intention to make a gift, sufficiently established title in the defendant: Hafer v. McKelvey, 23 Pa. Superior Ct. 202; Griffith's Est., 1 Lackawanna L. N. 311; Rafferty v. Reilly, 41 R. I. 47.

*Elder W. Marshall,* of *Duff, Marshall & Davis,* and with him *Isadore A. Bernstein,* for appellee.—The delivery must be according to the nature of the subject, and

the donor must in some form relinquish not only the possession but all dominion over it: Fross' App., 105 Pa. 258; Reese v. Phila. Trust Co., 218 Pa. 150, 156; Walsh's App., 122 Pa. 177, 187; Flanagan v. Nash, 185 Pa. 41; Grady v. Sheehan, 256 Pa. 377.

PER CURIAM, July 9, 1925:

The opinion of President Judge SHAFER, of the common pleas, filed upon sustaining the motion of the plaintiff for judgment notwithstanding the verdict, fully vindicates the conclusion reached.    There may be added to the decisions therein cited, Reese v. Philadelphia Trust Co., 218 Pa. 150 and Grady v. Sheehan, 256 Pa. 377.

The judgment is affirmed.