## Taylor *v.* Commercial Building & Loan Association, Appellant, et al.

Argued November 20, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Wallace Lippincott,* for appellant.

*Paul Lane Ives,* for appellees, was not heard.

PER CURIAM, December 11, 1935:

The plaintiff, Mary Taylor, on October 8, 1928, out of her own funds, purchased five full paid shares of stock of Commercial Building & Loan Association of Chester, paying therefor $1000, and directed the certificate of stock to be issued in the name of "Mary Taylor or Anna M. Northam", the latter being her daughter. The certificate of stock was delivered to Mary Taylor and semi-annual dividends thereon were paid to her by the Association up to and including April 1, 1934.

On July 12, 1934 the Association notified Mary Taylor that it had cancelled said stock and appropriated the proceeds on account of the delinquent mortgage indebtedness of J. Albert Northam and Anna M. Northam, his wife, on premises No. 311 East 20th Street, Chester, Pa.

Mrs. Taylor at once protested against this action and by her attorney requested the Association to rescind the same, and on its refusal to do so, promptly brought this bill in equity to require said cancellation to be stricken off the books of the said Association.

An answer was filed by the defendant denying the right of the plaintiff to equitable relief and upholding its right to cancel the stock and apply the same to the mortgage indebtedness of Anna M. Northam and husband.

Following a hearing, at which Mary Taylor and Anna M. Northam both testified as witnesses for the plaintiff, the learned President Judge of the court below sitting as Chancellor, made, inter alia, the following findings of fact: ......

"3. The said certificate of stock is dated October 8th, 1928 and 'certifies that Mary Taylor or Anna M. Northam is the owner of five shares of the full paid Capital stock of the Commercial Building and Loan Association of Chester. Dividends thereon shall be payable on October 1st and April 1st of each year at the rate of 5½ per cent. per annum from the date of this certificate; subject to the charter and by-laws of the association.'

"4. Mary Taylor paid for said stock two hundred dollars per share from her own money and no part of the purchase price was paid by Anna M. Northam either directly or indirectly.

"5. The stock was free and unpledged to the said association....

"10. At the time the said stock was cancelled and the proceeds appropriated by the association, Anna M. Northam owed the association in excess of one thousand dollars.

"11. There was no intention of Mary Taylor at the time, or since, the certificate of stock was issued, to make a gift of it or any part of it to Anna M. Northam.

"12. The certificate was placed in the names of Mary Taylor or Anna M. Northam for the convenience of Mary Taylor.

"13. The certificate was in the possession of Mary Taylor at all times and never in the possession of Anna M. Northam, nor had Anna M. Northam any dominion over it.

"14. Mary Taylor received all the dividends on the stock from the time of its purchase until the association ordered it to be canceled."

The Chancellor made the following conclusions of Law:

"1. The title to the stock or to any part thereof did not pass to Anna M. Northam.

"2. Mary Taylor did not make a gift of the stock or any part thereof, to Anna M. Northam.

"3. The plaintiff is entitled to a decree."

He accordingly entered a decree nisi as follows: "That the cancellation of the certificate of stock numbered 84 dated October 8th, 1928 and issued by the defendant in the name of Mary Taylor or Anna M. Northam for five shares of the full paid capital stock of Commercial Building and Loan Association of Chester be and it is hereby directed to be stricken from the books of said association."

No exceptions were filed to the Chancellor's findings of fact, conclusions of law or the decree nisi, and pursuant to the Equity Rules, the decree nisi was made a final decree. The defendant appealed from the final decree.

As no exceptions were filed to the Chancellor's findings of fact, they must be taken as admitted: Liggett v. Kaufmann, 17 Pa. Superior Ct. 631, 636. In such case the appeal merely questions their sufficiency to support the final decree: Schwartz v. Wesoky, 281 Pa. 388, 392, 126 A. 779; Atlas P. Cement Co. v. American B. & C. Co., 280 Pa. 449, 452, 124 A. 650; Himrod v. McFayden, 283 Pa. 103, 128 A. 733. There was evidence to support the findings. The testimony of Mrs. Taylor and Mrs. Northam is amply sufficient to sustain them; in fact, their evidence, uncontradicted as it is, would warrant no other findings than those made. The findings support the decree. See Flanagan v. Nash, 185 Pa. 41, 39 A. 818; Zellner's Est., 316 Pa. 202, 172 A. 715; Grady v. Sheehan, 256 Pa. 377, 100 A. 950; Gallagher's Est., 109 Pa. Superior Ct. 304, 167 A. 476;

Tearpoak v. Tearpoak, 85 Pa. Superior Ct. 470; Crist's Est., 106 Pa. Superior Ct. 571, 162 A. 478.

Appellant contends, however, that Mrs. Taylor was *estopped* from denying that her daughter was a joint owner of the stock. But there is no evidence in the record that the defendant association lent any money to Mrs. Northam, parted with any of its property, or altered its position for the worse, because of her having, or claiming to have, any interest in this stock. No ground has here been laid for applying the doctrine of estoppel.

The decree is affirmed at the costs of the appellant.