## Lane's Appeal.

Submitted April 18, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Morgan V. Jones, Jr.,* for appellant.

*Harry Doerr,* for appellee.

OPINION BY RHODES, J., July 19, 1940:

This is an appeal by Clarence E. Lane from an order of the Court of Common Pleas of Cambria County which affirmed the action of the Board of School Directors of Croyle Township School District in terminating appellant's contract, and refusing to reelect him as a professional employee for the school year 1937-1938 on the ground of incompetency. Appellant had been employed by the school district for the school year 1936-1937 under written contract entered into September 4, 1936, which required him to teach eight months for a salary of $920, and was to "continue in force year after year."

On July 17, 1937, in pursuance of a resolution of the board of July 16, 1937, appellant was notified of the time and place of a hearing upon certain charges made against him, specifically enumerated in the notice. A hearing was duly held on July 29, 1937, attended by the members of the school board, appellant, and their respective counsel. On August 4, 1937, the board unanimously concluded that the charges against appellant had been sustained, and adopted a proper resolution refusing to reelect him. Written notice of this action was given to appellant by registered mail on August 7, 1937. On September 3, 1937, he appealed by petition to the court of common pleas and requested a hearing de novo. A hearing de novo was granted, and September 15, 1937, fixed as

the date for the same. Due to illness of counsel for appellant the hearing was not held until June 1, 1939. On July 18, 1939, the court below filed findings of fact, conclusions of law, and an order dismissing the appeal and sustaining the action of the school board in refusing to reelect appellant as a teacher.

Appellant has now appealed to this court, and assigns as error the order of the court below.

On appeal to the court of common pleas appellant requested and obtained a hearing de novo, as permitted by section 2 of the Act of April 6, 1937, P. L. 213, which further amended section 1205 of the Act of May 18, 1911, P. L. 309. Paragraph (j) of section 1205, as thus amended, contains the following: "Upon the hearing of said petition, the court shall make whatever order it considers just, either affirming or reversing the action of the board of school directors, and stating plainly whether the professional employe is to be discharged, refused reelection or is to be retained."

At the hearing before the court of common pleas it was stipulated that the evidence given before the school board on the charges preferred against appellant be made a part of the record as though taken upon a hearing de novo. In addition thereto other evidence was presented to the court. Appellant now questions the sufficiency of the evidence to sustain the charges, and assigns as error only the order of the court below thereby admitting the correctness of the findings of fact. Consequently, in this connection, the only question presented is whether or not the findings support the order. *Atlas Portland Cement Co. v. American Brick & Clay Mfg. Co. et al.*, 280 Pa. 449, 452, 124 A. 650; *Taylor v. Commercial Bldg. & Loan Ass'n et al.*, 120 Pa. Superior Ct. 78, 81, 182 A. 57; *Trask v. Shaffer et al.*, 140 Pa. Superior Ct. 505, 14 A. 2d 211. The court below found, inter alia, that appellant's rating was below that of a properly qualified teacher; that he

used ungrammatical language; that he failed to comply with the requirements as to the flying of the national flag; that he was unable to properly instruct his pupils; and that his "discipline" and "motivation" were poor. The court below sustained the action of the school board on the ground that the evidence showed incompetency.

The findings of fact not only supported the order, but there was competent evidence to support the findings. In any event, findings of fact supported by competent evidence must be accepted on appeal. *Horosko v. Mount Pleasant Township School District et al.,* 335 Pa. 369, 371, 6 A. 2d 866. The findings and the evidence both establish appellant's lack of ability or fitness to discharge the required duties of a teacher, and support the finding of incompetency,[1] which is a valid cause for termination of a teacher's contract. Section 1205(a) of the School Code, Act of May 18, 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L. 243, §26, and as further amended by the Act of April

---

[1] The Act of June 20, 1939, P. L. 482, §2, amends section 1205 of the Act of May 18, 1911, P. L. 309, as amended by the Act of April 6, 1937, P. L. 213, 24 PS §1126, and now provides:

"(a) ...... In determining whether a professional employe shall be dismissed for incompetency, the professional employe shall be rated by an approved rating system which shall give due consideration to personality, preparation, technique, and pupil reaction, in accordance with standards and regulations for such scoring as defined by rating cards to be prepared by the Department of Public Instruction immediately following the effective date of this act, and to be revised, from time to time, by the Department of Public Instruction with the cooperation and advice of a committee appointed by the Superintendent of Public Instruction, including representation from county and district superintendents of schools, classroom teachers, school directors, school supervisors, and such other groups or interests as the Superintendent of Public Instruction may deem appropriate. ......"

6, 1937, P. L. 213, §2; *Horosko v. Mount Pleasant Township School District et al.,* supra, pp. 374, 375.

Appellant further complains of the procedure before the school board. This complaint relates to the sufficiency of the notice of hearing before the board. The notice of July 17, 1937, to appellant was substantially in the language of the Act of Assembly (section 1205 of the School Code, Act of May 18, 1911, P. L. 309, as amended by Act of May 29, 1931, P. L. 243, §26, and as further amended by the Act of April 6, 1937, P. L. 213, §2). Paragraph (d) of section 1205 provides: "(d) Before any professional employe is dismissed or refused reelection ...... the secretary of the school district shall furnish such professional employe with a detailed written statement of the charges upon which his or her dismissal or refusal of reelection is based, together with a written notice signed by the president and attested by the secretary of the board of school directors of a time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors. ......" The notice to appellant contained a detailed written statement of the charges against him, and gave the time and place when and where a hearing would be held. Appellant and his counsel appeared at the hearing before the board, and evidence was presented for and against him. Subsequently the board determined that the charges were sustained, and refused to reelect appellant as a teacher. Appellant then presented his petition to the court of common pleas requesting a hearing de novo. This was granted and such hearing followed. At this hearing the procedure before the school board was not involved, and there is no review now of such records. *Swink's Case,* 132 Pa. Superior Ct. 107, 200 A. 200, cited by appellant, is not applicable for the reasons stated in *Horosko v. Mount Pleasant Township School District et al.,* 135

Pa. Superior Ct. 102, 107, 4 A. 2d 601 (reversed on another ground in 335 Pa. 369, 6 A. 2d 866).

Order of the court below is affirmed, at appellant's cost.