Spruce Hill Township School District Board of Directors *v.* Bryner, Appellant.

Argued December 12, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

Lewis F. Adler, for appellant.

John A. R. Welsh, for appellee.

OPINION BY RHODES, J., April 22, 1942:

Appellant was a professional employee of the School District of Spruce Hill Township, Juniata County, and taught in a one-room rural school during the school years 1938-1939, and 1939-1940. On May 29, 1940, she received notice from the board of school directors of that district that a hearing would be held on charges of persistent negligence and incompetency. After a hearing the board found that the charges,[1] a detailed written

---

[1] "1. You have persistently been negligent in failing to have the school room in proper condition for the opening of the school at 9 a.m. o'clock.

"2. You have persistently been negligent in your arrival at the school house in time in the morning to maintain discipline and order and to properly prepare for the work of the day.

"3. You have persistently neglected to comply with the requests of the County Superintendent to prepare and furnish him with a copy of a daily program for his approval.

"4. You failed and neglected to attend a teachers' meeting on September 9, 1939, called by the County Superintendent or to ask to be excused by him.

"5. You persistently failed and neglected to cooperate with the Board of School Directors of Spruce Hill Township and the County Superintendent of Schools.

"6. You closed the school house on one occasion without sufficient reason or authority from the School Directors.

"7. Through your incompetency pupils have been improperly classified and have failed to make normal progress.

"8. You have manifested a serious lack of knowledge of the course of study."

statement of which had been given to appellant, were sustained by the evidence, and notified appellant of her dismissal. See section 1205 of the School Code of May 18, 1911, P. L. 309, as amended by the Act of June 20, 1939, P. L. 482, §2, 24 PS §1126 (c—h). In accordance with section 1205(j) of the School Code, as amended, 24 PS §1126(j), appellant appealed by petition to the Superintendent of Public Instruction who, without taking any additional testimony, reversed the decision of the board, and directed that she be reinstated. The superintendent held that the board failed to give "full, impartial, and unbiased consideration" to the testimony as required under clause (f) of section 1205 of the Code, as amended, 24 PS §1126(f), but was of the opinion that there was substantial evidence of both negligence and incompetency. The board then appealed to the court of common pleas. From the record submitted to that court it concluded that appellant was persistently negligent, reversed the order of the superintendent, and ordered that appellant be discharged. This appeal followed.

The appeal to the court of common pleas was taken by the board, and there was no hearing de novo. The court, however, was not bound by any finding of fact or conclusion of law of the Superintendent of Public Instruction any more than the superintendent was obliged to accept any action of the board. The scope of review given to both the Superintendent of Public Instruction and to the court of common pleas is clearly indicated in clause (j) of section 1205 of the School Code, as amended by the Act of June 20, 1939, P. L. 482, §2, 24 PS §1126(j). This section provides in part as follows:

"In case the professional employe concerned considers him- or her-self aggrieved by the action of the board of school directors ...... an appeal by petition, setting forth the grounds for such appeal, may be taken to the Superintendent of Public Instruction at Harrisburg ......

"[He] shall review the official transcript of the record of the hearing before the board, and may hear and consider such additional testimony as he may deem advisable to enable him to make a proper order. At said hearing the litigants shall have the right to be heard in person or by counsel or both.

"After hearing and argument and reviewing all the testimony filed or taken before him, [he] shall enter such order, either affirming or reversing the action of the board of school directors, as to him appears just and proper ......

"When appeal is taken [by either party] from the decision of the Superintendent of Public Instruction to the court of common pleas of the county in which the district is located, the judge of the court of common pleas to whom such petition is presented shall fix a date for a hearing by the court, which shall be not sooner than ten (10) days nor more than twenty (20) days after the presentation of such petition. If the professional employe aggrieved shall so request in his petition, such hearing shall be de novo. Upon the hearing of said petition, the court shall make whatever order it considers just, either affirming or reversing the action of the Superintendent of Public Instruction, and stating plainly whether the professional employe is to be discharged, refused reelection or is to be retained."

On appeal to this court appellant has assigned as error the order of the court below. There is no other assignment of error. Therefore, the question properly before us is whether the findings support the order, and constitute a valid cause for termination of appellant's contract under clause (a) of section 1205 of the School Code, as amended, 24 PS §1126(a). *Atlas Portland Cement Co. v. American Brick & Clay Co. et al.*, 280 Pa. 449, 452, 124 A. 650; *Swick v. Tarentum Borough School District*, 141 Pa. Superior Ct. 246, 14 A. 2d 898; *Lane's Appeal*, 141 Pa. Superior Ct. 259, 14 A. 2d 573; *Taylor v. Commercial Building & Loan Ass'n*

*et al.*, 120 Pa. Superior Ct. 78, 81, 182 A. 57.

The court below found that appellant had been persistently negligent (1) in failing to have the school room in proper condition for the opening of the school at 9 A.M.; (2) in failing to arrive at the school in the morning in time to maintain discipline and order, and to properly prepare for the work of the day; (3) in failing to comply with the requests of the County Superintendent of Schools to prepare and furnish him with a copy of the daily program for his approval.

The court below did not pass upon the charge of appellant's incompetency on the ground that it was not established according to the method provided in clause (a) of section 1205 of the School Code, as amended, 24 PS §1126(a).

It is unnecessary for us to extend this opinion by a review of the evidence. The evidence supports the findings, and the findings support the order, and are clearly sufficient to sustain the charge of persistent negligence. See *Swick v. School District of the Borough of Tarentum*, 344 Pa. 197, 25 A. 2d 314. The court below has carefully reviewed the evidence in an exhaustive opinion, and said in part: "The duties of the teacher of a rural one-room school include arriving at the school house early enough in the morning to perform whatever duties should be performed by the teacher prior to nine o'clock, when the school work is required to be commenced, such as making and caring for the fire so as to heat the room to a comfortable and healthful temperature by nine o'clock, cleaning and dusting the room and equipment and airing the room so as to clear the atmosphere in the room, doing any work, not previously done, that may be necessary for pupils in the first part of the school day, and doing such other things as good common sense would cause a teacher of good judgment to do. It is the custom for children to arrive at a rural school house before nine o'clock; they cannot always time their arrival at exactly nine; sometimes

they are transported some distance and it would be impossible to arrange their arrival at exactly nine o'clock, as school buses generally transport children to more than one school; and children like to play in the room or on the school grounds before school is begun. The teacher should manage to be present when the pupils begin to arrive so as to keep their activities under proper control."

Appellant has presented and argued other questions which are not related to the single assignment of error. One pertains to the nature of the hearing before the Superintendent of Public Instruction. What we have said disposes of that matter in so far as it may have any bearing in this case. Another is that the board did not give full, impartial, and unbiased consideration to the testimony presented before it, as required by clause (f), section 1205 of the School Code, as amended, 24 PS §1126(f). The decision of the superintendent was based upon the belief that appellant did not have such consideration given to the testimony by the board, and this belief apparently arises from a part of the testimony of Reese Gaul, one of the school directors. He had testified that at the time the directors voted to bring the charges he was of the opinion that appellant should be dismissed. The superintendent was of the opinion that it was "incumbent upon the board to introduce into the record a thorough refutation of that testimony." No reference was made in the superintendent's opinion to the balance of the testimony of this witness, which reads: "Q. Mr. Gaul, as a member of the school board of Spruce Hill Township, you joined with the other present members of the board in a motion that charges be brought against Miss Vivian Bryner for the termination of her employment as a professional employee in your district? A. That is right. Q. What had you before you at that time? A. We had before us at that time the information as submitted by the County Superintendent and my own personal knowl-

edge. Q. In the form of a rating card? A. That is right. Q. It was necessary that you comply with the law and furnish Miss Bryner with a detailed statement of the charges against her, is that right? ...... A. That is right. Q. Mr. Gaul, are you able to consider this matter in fairness to Miss Bryner so that she may be given fair consideration after all the evidence is heard? A. I would."

The making of the charges presupposes that the members of the board had some knowledge of the facts upon which the charges were based. Unless they had an opinion that the charges, if sustained, would warrant dismissal, they should never have been made. That a member of the board had an opinion at the time the charges were preferred against appellant would not disqualify him from participating in a hearing on those charges, or invalidate the proceedings. We do not think that anything more was required of the members of the board than that they could hear and determine the charges against appellant on the evidence given before them, uninfluenced by other previous impressions. It does not appear that Mr. Gaul had a fixed or unchangeable opinion; **on the contrary, he** testified that he was able to give fair consideration to all the evidence presented. There is nothing in the record to establish that the board had arrived at a biased conclusion prior to the hearing, or had prejudged the case so as to preclude full, impartial, and unbiased consideration of the testimony. It was not incumbent upon the board to introduce into the record a refutation of appellant's unsupported charge that the members had closed their minds against evidence favorable to the professional employee, and were so biased that the only result would be an unfair, incomplete, or warped conclusion.

The order of the court below is affirmed, at appellant's cost.