## West Mahanoy Township School District v. Kelly

*F. A. Gallagher*, for appellant.

*Cletus C. Kilker* and *Cyril C. Kilker*, for appellee.

DALTON, J., October 26, 1942.—The West Mahanoy Township School District appealed from an order of the Superintendent of Public Instruction directing the reinstatement of Mary Cavanaugh Kelly as a professional employe of said district. At a hearing held before this court, appellant offered into evidence a purported transcript of the testimony taken before the school board, together with a stipulation of counsel as to what action had been taken before the Superintendent of

Public Instruction. There was nothing to identify the transcript of testimony as part of the record before the superintendent and nothing to show that the stipulation of counsel had either been submitted to or approved by the superintendent.

We are of opinion that there is still nothing properly before us. Under section 1205 of the School Code of May 18, 1911, P. L. 309, as last amended by the Act of June 20, 1939, P. L. 482, sec. 2, 24 PS §1126, the professional employe may appeal from the action of the school board to the Superintendent of Public Instruction upon petition setting forth the grounds for such appeal. The superintendent is required to review the official transcript of the record of the hearing before the board, and may hear and consider such additional testimony as he may deem advisable to enable him to make a proper order. From his decision, an appeal by either party may be taken to the court of common pleas. The court, after hearing, is required either to affirm or reverse the action of the superintendent. Where, as here, the appeal to the court of common pleas is taken by the school board, the hearing before the court is not de novo: Spruce Hill Township School District Board of Directors v. Bryner, 148 Pa. Superior Ct. 549, 552; Batrus' Appeal, 148 Pa. Superior Ct. 587, 594. In such case, although the act makes no specific provision for the certification of the record, it is fundamental appellate practice that the court should have before it a properly certified record of the proceedings had before the superintendent, including the professional employe's appeal petition to said superintendent. We know of no authority or precedent in this Commonwealth which would permit a mere stipulation of counsel, neither submitted to nor approved by the superintendent, to be substituted for such record.

The papers will be returned to the office of the prothonotary.

And now, October 26, 1942, the papers are returned to the office of the prothonotary.