Fitzgerald, Appellant, *v.* Atlas Asbestos
Company et al.

Argued September 28, 1945. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry Smuckler,* with him *A. Archer Cross,* for appellant.

*Paul H. Ferguson,* with him *G. Mason Owlett,* for appellee.

152

OPINION BY RHODES, J., October 24, 1945:

Claimant was employed by defendant for about a year when he presented a claim under the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, No. 284, 77 PS § 1201 et seq., on the ground that he was totally disabled as a result of a skin condition due to various compounds used in his work. The referee to whom the claim petition was referred disallowed compensation. The Workmen's Compensation Board on appeal returned the record to the referee in order that claimant might be given further opportunity to establish that the infection of his skin was "due to oils, cutting compounds, lubricants, dust, liquids, fumes, gases, or vapor, in any occupation involving direct contact with, handling thereof, or exposure thereto." Section 108(i) of the Act of June 21, 1939, P. L. 566, 77 PS § 1208(i). After further hearing, the referee again disallowed compensation. He found that no tests were made of the substances used by claimant at his work to prove that the condition from which he suffered was caused by such substances; and he concluded that claimant failed to prove by competent and convincing testimony that the skin condition from which he suffered was caused by any substances used in the course of his employment with defendant. The board affirmed the referee's findings of fact, conclusions of law, and order of disallowance; and in its opinion the board said: "We are still of the opinion that the claimant's case does not meet the required burden of proof in establishing a causal connection between the exfoliated dermatitis and claimant's employment." Claimant appealed to the court of common pleas which dismissed claimant's appeal. Claimant's proof of causal connection depended upon the testimony of Dr. Carroll S. Wright, the only medical witness. Of his testimony the board said: "Viewed as a whole, Dr. Wright's testimony in the final analysis may be summed up by his testimony that claimant's

original condition could have been due to any external irritant." Dr. Wright had testified: "I would put it this way, that [claimant's] original condition could have been due to any external irritant." Claimant had been handling naphtha, sulphur, and rubber solvents. Dr. Wright also testified that sulphur is not a primary irritant, and that he never saw a patient exposed to rubber solvent. As to the three elements he testified that they were "probable causes of the original dermatitis." See *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 271, 3 A. 2d 995.

An award allowing compensation to claimant would have required a finding of causation. *Apker v. Crown Can Co. et al.*, 150 Pa. Superior Ct. 302, 305, 28 A. 2d 551; *Bakaisa v. Pittsburgh & West Virginia R. Co.*, 149 Pa. Superior Ct. 203, 209, 27 A. 2d 769; *Ferrante v. Ferrante et al.*, 123 Pa. Superior Ct. 74, 79, 186 A. 426.

Claimant had the burden of proof; and as the board's findings of fact were consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence, the order must be affirmed. *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51; *Jaloneck v. Jarecki Mfg. Co. et al.*, 157 Pa. Superior Ct. 609, 615, 43 A. 2d 430.

Claimant contends that there was sufficient evidence to sustain an award in the record. If this had been the action of the board a different question, if any, would have been presented to us.

Claimant's only assignment of error is to the order of the court below: "The findings of the Referee and the Workmen's Compensation Board are affirmed, and the appeal of the claimant is dismissed." If claimant had any complaint to the board's findings of fact, conclusions of law, and order, and alleged errors of fact or law arising therefrom, specific objections should have been made thereto. *Weyant v. General Refractories Co.*, 150 Pa. Superior Ct. 502, 505, 29 A. 2d 100; *McDermott v.*

*Sun Indemity Co. of New York,* 131 Pa. Superior Ct. 60, 70, 198 A. 499; *Nesbit v. Vandervort & Curry et al.,* 128 Pa. Superior Ct. 58, 64, 193 A. 393.

It is the general rule that where an appellant, as here, assigns as error only the order of the court below he thereby admits the correctness of the findings of fact, and the only question presented is whether or not the findings support the order. *Lane's Appeal,* 141 Pa. Superior Ct. 259, 261, 14 A. 2d 573.

Judgment of the court below is affirmed.