Opinion by
 

 Hirt, J.,
 

 These cases arose on complaints to the lower court authorized by Article X, §1010 of the Act of May 4,1927, P. L. 519, as amended by The Borough Code of July 10, 1947, P. L. 1621, 53 PS §12900 to test the legality of two related ordinances of Pleasant Hills Borough, Allegheny County. Plaintiff James P. Palumbo has appealed from the adjudication of the lower court sustaining the ordinances as valid exercises of the police power. This plaintiff is within the class of those whose property will be affected by the enforcement of the ordinances and he therefore is a proper appellant as a person aggrieved under the admitted facts.
 

 Appellant is the lessee of a 3% acre tract of land in the borough on which he since 1942 has maintained a trailer camp accommodating more than twenty trailers. These trailers are immobile and have been occupied on long term contracts by family units, including children. In law these trailers are dwelling houses.
 
 Lower Merion Twp. v. Gallup,
 
 158 Pa. Superior Ct. 572, 46 A. 2d 35. On the premises there is also a permanent building used as an apartment hotel occupied by about 10 additional families. In a small one story building on the land, appellant conducts the corporate business of Cloverleaf Trailer Sales Company. There are no sani
 
 *560
 
 tary servers serving the property and sewage from the buildings and the trailers has been discharged into a group of septic tanks on the premises which are insufficient for the purpose of disposal. Prior to August 1949 the effluent from these tanks was drawn off into sub surface leeching beds. Because of the excessive volume of sewage this was an inadequate means of disposal'and effluent from the tanks seeped into Lebanon Church Road. In an action in equity brought by affected property owners, abatement of the nuisance was ordered. Since July 13, 1948, after plaintiff had been cited for contempt for failure to comply with the above restraining order, he has disposed of the effluent from the septic tanks by discharging it into a tank truck which, as found by the lower court: “was placed in a concrete pit on the premises near Lebanon Church Road, which tank truck was emptied twice every twenty-four (24) hours at a point removed from the tract occupied by appellant; during the interval of the truck’s absence from the premises, the effluent flowed into a 1500 gallon reserve tank, buried in the ground on the premises, near the pit aforesaid; the transfer of the flow of the effluent from the line running directly to the tank truck to the reserve tank was accomplished by certain valves; except for the line to the tank truck from the valve which was flexible hose, all lines were of permanent construction; some drippings from the flexible hose accumulated in the.pit and from there, at times,.flowed into the gutter alongside Lebanon Church Road, although there was a sewer drop in the pit; the amount of this accumulation was not enough to give off sufficient odor to be detectable by the inhabitants of the camp”. The lower court on undisputed testimony also found: “The character of the terrain on the tract involved is such as will not successfully accommodate the effluent normally result
 
 *561
 
 ing from the occupancy of more than twenty (20) trailers, the hotel and salesroom or from the needs of sixty (60) persons living therein. It is impractical to pipe the effluent to léeching beds located off the premises. There is inadequate space on the separate site of each trailer to place a separate septic tank and absorption facilities. There is no sanitary sewerage system available to appellant. The present system of sewage-disposal, now in operation on appellant’s premises, is adequate and presents no health problem within the Borough of Pleasant Hills, if properly operated.”
 

 The rapid development of the section of the township-for residence purposes which led to the incorporation of the borough in 1946
 
 (Pleasant Hills Boro. Inc. Case,
 
 161 Pa. Superior Ct. 259, 53 A. 2d 882) stressed the necessity for the regulation of sewage disposal in the interest of public health and the general welfare of the people. Both of the ordinances in question became effective on February 9, 1948. It is conceded, as it must be, that both have a recognized police purpose with a proper relation to the object to be attained. Appellant’s single complaint is that the lower court refused to consider whether the ordinances were reasonable regulations in determining the question of their validity.
 

 Ordinance number 24, under an appropriate title,, made it unlawful to permit the flow of “waste, sewage,, feces, used water, or other similar foul matter except into a sanitary sewer system or into a septic tank”. The-ordinance required approval of newly installed septic tanks prior to use and, as to others then in use, provided : “All septic tanks now in use or hereafter to be constructed shall comply with the following requirements and specifications; single family units a tank of 250 gallon capacity shall be required, and a single family unit shall be taken and deemed to include a home, habita
 
 *562
 
 tion or other place used by person or persons not exceeding five in number. The subsurface disposal field shall contain a minimum seepage area of two hundred fifty (250) square feet. For all other uses, the capacity of the tank shall be increased pro-rata for the proper disposal of sewage, waste matter, used water and other similar matter, and the capacity of the same shall be such as shall be determined and fixed by the Borough Engineer, as necessary, for proper disposal. For each additional individual occupant, an additional fifty (50) feet of lateral or distribution tile shall be installed.” It specified the type of house connections and vent pipes; it contained limitations on the location of absorption ditches; it fixed the required width, depth and rate of fall of such ditches and contained detailed specifications as to the placement of broken stone, tile and its covering, and the character of the back fill. The ordinance also provided for the inspection of newly constructed ditches before filling. And on notice an offender, whose septic tanks do not comply therewith, is required to make them conform with “the requirements and specifications” of the ordinance within 30 days. The ordinance imposes a penalty for failure to comply with its provisions.
 

 Ordinance number 23, enacted on the same day as an additional health measure defines a trailer camp and makes it unlawful to maintain such camp without a permit issued by the borough. It imposes an annual payment in the nature of a license fee for the maintenance of a trailer camp. A copy of the plan of the trailer camp must accompany the application for a permit to operate, setting forth: “The proposed roadways, driveways, sites for trailers, house-cars, cabins or cottages, the dimensions of the allotted space of each unit, the proposed sanitary provisions, laundry facilities, wash
 
 *563
 
 room provisions, methods for garbage disposal, rubbish and sewage disposal, water supply and lighting systems, and toilet provisions.” The ordinance makes it mandatory that adequate provision be made for the removal of waste, rubbish and garbage and for a specific adequate means of sewage disposal. In addition it indicates the toilet facilities that must be provided to meet the standard of adequacy imposed. Other provisions of the ordinance are collateral to its main purpose and relate to the duties of the owner in administering the affairs of a trailer camp and provide for regular inspection by the Health Officer of the Borough. The ordinance also imposes a penalty for the violation of any of its provisions.
 

 Municipalities are agents of the State, and the extent of their power is determined by legislation.
 
 Lighton et al. v. Abington Twp. et al.,
 
 336 Pa. 345, 9 A. 2d 609. The Borough had specific authority: “To make regulations respecting vaults, cesspools, plumbing, and drains” under Art. XII, §1202 XI of The General Borough Act of May 4, 1927, P. L. 519 and this provision was reenacted in all subsequent amendments. There was general authority for the enactment of Ordinance 24 and the Borough therefore had the concomitant power to impose license fees as in Ordinance 23 to cover the cost of regulation and supervision of the disposal system prescribed.
 
 Adams v. New Kensington,
 
 357 Pa. 557, 55 A. 2d 392.
 
 [1]
 
 Further authority for the enactment of the ordinances may be found in the Act of April 14, 1937, P. L. 313, as amended, 53 PS §2224 which provides that: “in addition to other remedies provided by law, and in
 
 *564
 
 order to promote the public health . . . boroughs . . ’. are hereby authorized and empowered to enact and enforce suitable ordinances to govern and regulate the construction, alteration . . . sanitation . . . water supply, toilet facilities, drainage . . . and . . . sanitation and inspection of land appurtenant thereto.” Under this enactment penalties may be prescribed for violation of the ordinance. We are not directly concerned with other related provisions of the Act.
 

 The lower court viewed the 1937 Act, supra, as specific enabling legislation and concluded that therefore the reasonableness of the ordinances enacted pursuant to it was not open to inquiry under the oft-quoted rule thus stated in
 
 Ligonier V. R. R. Co. v. Latrobe Boro.,
 
 216 Pa. 221, 65 A. 548: “where the legislature in terms confers upon a municipal corporation the power to pass ordinances of a specific and defined character, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the corporation, or under a grant of power general in its nature”.
 

 There is merit in appellant’s contention that the express powers vested in the Borough under the 1937 Act were general and not specific except as to overall subject matter. And there is merit in his contention that the principle of the Latrobe Boro, case is not applicable here. The order of the lower court however must be sustained on other grounds. The fundamental difficulty with appellant’s position is that he has not alleged nor shown that the ordinances are unreasonable as to him. Since he alone complained, that burden was on him. “The uniform rule is that persons seeking to avoid the effect of an ordinance because it is unreasonable must show that it is unreasonable as to them, and cannot
 
 *565
 
 predicate their claims upon the fact that the ordinance may be unreasonable as to others”:
 
 Kistler v. Stwarthmore Borough,
 
 134 Pa. Superior Ct. 287, 293, 4 A. 2d 244.
 

 The testimony taken at the hearing before the lower court is not before us.
 
 [2]
 
 Our inquiry therefore is limited to whether the order is supported by the findings.
 
 Lane’s Appeal,
 
 141 Pa. Superior Ct. 259, 14 A. 2d 573. Actually, appellant did not raise the issue of the reasonableness of the ordinances in the court below, except to the extent that they were confiscatory as to him and would deprive him of his business without due process of law. His contention here, in reality, is that the size of his lot and the nature of the soil prevent him from compliance with the ordinances and that he is not bound by them because his method of sewage disposal is equally effective. It is clear that the ordinances cannot be evaded for these reasons. Specific sewage disposal ordinances enacted under qualifying legislation are not to be set aside and held inoperative as to one who under exceptional circumstances is able by other means to dispose of the sewage discharged on his property.
 

 Disposal on the land by septic tanks or the equivalent, or by discharge into sanitary sewers, are the only recognized methods of proper sewage disposal. Appellant, as noted in the court’s opinion, has even increased the use of his already overburdened land “by the occupancy thereof by many more trailers than were on it on the effective date of these ordinances”. The ordinances do not prohibit the conduct of appellant’s busi
 
 *566
 
 ness; they seek only to regulate it. Begulation under authorized exercise of police power is due process even though property or a business is taken or destroyed.
 
 White’s Appeal,
 
 287 Pa. 259, 134 A. 409. Appellant can, and must be made to, comply with the ordinances by limiting the trailers to the number which his land can accommodate. The ordinances bear alike on all property in the Borough; appellant has not been discriminated against.
 

 April 26, 1950:
 

 Order affirmed.
 

 Per Curiam,
 

 Our previous affirmance in these appeals, of the order of the court below, is re-affirmed.
 

 [1]
 

 The inspection fees required by both of the ordinances were proper police regulations; tbey clearly were not revenue measures in disguise invalidating the ordinances under the principle of
 
 Warner Bros. Theatres v. Pottstown Boro.,
 
 164 Pa. Superior Ct. 91, 63 A. 2d 101.
 

 [2]
 

 The fact that appellant has not printed the testimony nor moved for leave to submit the original record is not-.without significance. It is reasonable to assume that the record does not contain an offer of proof that the ordinances are unreasonable as to appellant and invalid as to him on that ground.